UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TAURUS D. GREGORY                              CIVIL ACTION

VERSUS                                         NO. 04-3017

WARDEN JAMES D. MILLER, JR., ET AL             SECTION: "F"(5)


                    **REPORT AND RECOMMENDATION**


     Plaintiff herein, Taurus D. Gregory, has instituted suit in forma pauperis on the standard form utilized by inmates for voicing a complaint pursuant to 42 U.S.C. §1983.  (Rec. doc. 1).  He has named Warden James D. Miller, Jr. and Lt. Ronnie Seal as defendants herein.  The gravamen of plaintiff's claim, however, rather than addressing Warden Miller, deals only with allegations pertaining to Lt. Seal.

     Specifically, plaintiff claims that on July 19, 2004, Lt. Seal made statements to other inmates branding plaintiff as a confidential informant.  Because of this plaintiff claims that his

life has been jeopardized. In his complaint, plaintiff refers to alleged statements which he attributes to Seal concerning the firing of a female employee at the prison where plaintiff was incarcerated. Those statements purport to attribute the employee's firing to plaintiff in some fashion. It is unclear whether this was the only instance wherein Seal is alleged to have branded plaintiff as a confidential informant but it is the only instance which plaintiff has elucidated for the Court. In his request for relief, plaintiff seeks an immediate transfer to another facility and monetary damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(I) if the claim alleged therein has no arguable basis in law and fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Insofar as plaintiff has named Warden Miller as a defendant herein, plaintiff has failed to set forth any factual basis establishing either that Miller has harmed him in any fashion or

that he was personally involved in the underlying conduct of which plaintiff complains.  The Court can, therefore, only conclude that Miller has been named herein under a theory of <u>respondeat superior</u>, a concept which is inapplicable to hold the Warden responsible under 42 U.S.C. §1983.  <u>Wesson v. Oglesby</u>, 910 F.2d 278, 283-84 (5th Cir. 1990); <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990); <u>Harvey v. Andrist</u>, 754 F. 2d 569, 572 (5th Cir.), <u>cert</u>. <u>denied</u>, 471 U.S. 1126, 105 S.Ct. 2659 (1985).  Accordingly, plaintiff has failed to set forth a claim upon which relief can be granted as to Warden Miller.

As to plaintiff's claim against Seal, the Court notes that pursuant to 42 U.S.C. §1997e(e), enacted as part of the Prison Litigation Reform Act ("PLRA") of 1996,

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, plaintiff does not allege that he was physically injured by anyone, only that Seal's alleged statements have caused him to suffer fear and anxiety.  This is insufficient for plaintiff to prevail on a §1983 claim for monetary damages against Lt. Seal. <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193-94 (5th Cir. 1997).  And plaintiff's claim for injunctive relief in the form of a transfer to a

3

different jail facility has been rendered moot by his release from prison. Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990).

Following his filing of the above captioned complaint, plaintiff also filed a motion for a temporary restraining order and preliminary injunction claiming that Seal had retaliated against him for the filing of this litigation. (Rec. doc. 13). An evidentiary hearing was conducted on that issue. (Rec. docs. 23, 24). Plaintiff testified that Seal had struck him while he was handcuffed on January 13, 2005 and spit in his face on February 6th. Plaintiff claims to have had problems with Seal dating back to 2000.

For his part, Seal denied these allegations. Further, Deputy Warden Robert Tanner testified that he had investigated plaintiff's complaints and the information developed in the investigation did not substantiate plaintiff's allegations.

A review of plaintiff's grievances and/or requests for protection reflect that on January 13, 2005, he sought protection from Lt. Seal and two other officers. At that time, plaintiff claimed that Seal had forced him to remain in handcuffs for eight hours in retaliation for complaints against security personnel. He further claimed that Seal had deliberately and in an unprovoked fashion struck him in the eye while he remained handcuffed.

Plaintiff's medical records initially reflect that he

4

complained of discomfort from his handcuffs on January 13, 2005. Some six hours later he further claimed that all of his medical issues had not been properly documented and it was noted that he had an abrasion on his right cheek and abrasions on his wrists, presumably from handcuff irritation.  The following day it was noted that, upon examination, no signs of bruising or injury could be found.  Plaintiff was written up for malingering.

Inter-office investigation of plaintiff's complaints resulted in a finding that plaintiff had not been left in handcuffs for eight hours, that any abrasions to his hands were caused by plaintiff's struggling with the handcuffs and that neither Seal nor anyone else could be proven to have struck plaintiff.

A review of plaintiff's medical records cannot lead the Court to find that plaintiff has been abused in retaliation for his pursuing litigation.  As that is the basis for the filing of the motion for restraining order, same should be denied.  The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. Specifically, plaintiff bears the burden of establishing that: (1) there is substantial likelihood he will prevail upon the merits of the case, (2) there is a substantial threat that plaintiff will suffer irreparable harm, (3) any potential injury to plaintiff outweighs any harm the injunction might cause the defendant and (4) the injunction will

not have an adverse affect on the public interest.  <u>Women's Medical Center of Northwest Houston v. Bell</u>, 248 F.3d 411, 419 n. 15 (5th Cir. 2001); <u>Palmer v. Fox Broadcasting Corporation d/b/a WVUE-TV</u>, 2002 WL 31027440 at *1 (E.D. La. 2002).

The Court sees no factual basis for issuing a restraining order herein, especially in light of the resolution of this matter in favor of the defendants on the merits.  Further, the Court notes that plaintiff at all times retained the option of filing a separate civil action against these defendants, after exhausting his administrative remedies.  These alleged retaliation claims are factually dissimilar to plaintiff's main demand, which the Court finds fails to set forth a claim upon which relief might be granted. And, lastly, the Court notes that, since plaintiff is no longer incarcerated, the request for a restraining order and/or injunction has been rendered moot.

### **RECOMMENDATION**

It is recommended that the 42 U.S.C. §1983 claims of Taurus D. Gregory against Warden James D. Miller and Lt. Ronnie Seal be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

It is further recommended that the motion for temporary restraining order and/or preliminary injunction sought by Taurus D. Gregory be marked as MOOT.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>12th</u> day of <u>February</u>, 2007.

/s/ Alma L. Chasez<br>
_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE